IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00477-MSK-KMT

RACKHOUSE PUB, LLC, a Colorado Limited Liability Company,

    Plaintiff,

v.

PROXIMO SPIRITS, INC., a Delaware corporation;
PROXIMO DISTILLERS, LLC, a Colorado Limited Liability Company;

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, and to protect information and documents of the kind whose confidentiality is protected under Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED as follows:

**1.  APPLICABILITY OF THIS PROTECTIVE ORDER.**

    a.  Information, documents or things (collectively "Material") designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be used solely in this civil action and not for any commercial or business purpose; however, nothing herein shall be construed as preventing any party or any representative of any party from complying with any order of any court, or municipal, state or federal agency.  The parties' designation of Material shall be without prejudice to and have no effect on any question of fact or law before the Court.

    b.  The "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" provisions in this Protective Order shall apply to designated Material subject to discovery and/or submitted to the Court in this action that a party or non-party owns or controls, which Material contains a party or non-party's claimed protected information, as further defined in section 2 of this

Protective Order. The foregoing includes, without limitation, testimony at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, and answers to requests for admission. It is acknowledged, however, that Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" will not be subject to this Protective Order if the information, documents or things were obtained from other sources, including but not limited to information, documents or things in public records or the public domain, and information, documents or things disclosed OR EXCHANGED by the parties prior to this Protective Order. IN ADDITION, A PARTY MAY NOT DESIGNATE MATERIAL PREVIOUSLY POSSESSED BY THE OTHER PARTY AS CONFIDENTIAL SO LONG AS SUCH OTHER PARTY LAWFULLY OBTAINED SUCH MATERIAL.

2. **DEFINITIONS**

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" refers to Material that a party or non-party owns or controls, which Material contains the party or non-party's financial, marketing, trade secrets, strategic business information, proprietary research and development, or other competitively sensitive or confidential information.

3. **DESIGNATION OF MATERIAL.**

a. Any party or nonparty who produces or provides designated Material in this litigation may designate it as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by labeling or marking the Material in the manner described herein. Such a designation of Material shall constitute a representation that designating counsel has personally reviewed the Material and, in good faith, believes that the designation is appropriate under the standards set forth in section 2 herein and the applicable Federal Rules of Civil Procedure.

b. Any party challenging a designation of Material as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall specify in writing to the producing party or non-

party those portions of the Material challenged as improperly designated. The challenging party may, after conferring in good faith with opposing counsel, move this Court for an order that the designated information, documents or things shall not be subject to this Order. Any Material covered by the motion shall be protected until the motion is decided. A party's failure to challenge a designation shall not be deemed an admission that such Material is indeed confidential or constitutes protected material under section 2 herein. Any designation, whether challenged or not, shall not be admissible or otherwise relevant to any question before the Court, including those involving whether certain information indeed constitutes a trade secret under applicable law.

**4.     NON-DISCLOSURE AND NON-USE OF DESIGNATED MATERIAL.**

No Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed to any person without the prior written consent of the party originally designating the information, documents or things, or except as hereinafter provided under this Order.

**5.     PERMISSIBLE DISCLOSURE OF CONFIDENTIAL MATERIAL.**

a.     Unless otherwise provided by this Court, Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the following:

   1.     counsel of record for the parties to this litigation, attorneys regularly employed in the legal departments of the parties or their affiliates, and employees in those law firms or the parties' legal departments whose functions require access to "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" material;

   2.     the parties and/or their representatives;

   3.     the authors, senders, addressees, and copy recipients of the Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and

employees of any nonparty that produced Material designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER";

4. nonparty experts or independent consultants engaged by the Court or by counsel for any party or the parties themselves to assist in this litigation, provided that for each nonparty expert or independent consultant, in writing, his or her understanding of the provisions of this Order before receiving discovery materials protected by this Order;

5. such other persons as are mutually agreed upon in writing in advance of disclosure of the material to such other persons; and,

6. the Court and court personnel.

**6. METHOD OF DESIGNATION OF DOCUMENTS.**

a. <u>Pleadings, Motions, and Written Discovery Responses</u>: For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and regardless of the rule, agreement or order under which it was produced.

Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain information entitled to protection may be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." ***To the extent feasible, these items shall be prepared in such a manner that the confidential information is bound separately from that material not entitled to such protection.***

b. <u>Documents Produced In Discovery</u>: The Designating Party may designate documents as subject to this Order by producing copies of the document marked with a legend reading "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or other appropriate notice to similar effect. Such legend shall be placed upon the first page of each document containing such material and upon each page within such document considered to contain such material.

4

  c. <u>Physical Exhibits</u>:  The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit marked with the appropriate notice.

**7. CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

  a. During a deposition, a non-party deponent may be shown and examined about Material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

  b. Non-party deponents shall not retain or copy portions of the transcript of their depositions that contain protected information not provided by them, previously known to them or the entities they represent.  Representatives of a party including employees, members, managers, etc. are party deponents to which this Paragraph 7.b is not applicable.

  c. Parties and deponents may, at any time during or within ten (10) business days after receipt of a deposition transcript, designate portions of testimony for protection under this Protective Order.  *Information within the deposition transcript shall be designated by marking the pages containing such information "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and forwarding copies of these pages to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript.*  Pending expiration of this designation period, the entire deposition transcript (with the exception of the exhibits to the transcript) shall be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".  Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition.

  d. If no party or deponent timely designates information in a deposition, then none of the transcript (with the exception of the exhibits) will be treated as protected as

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, with the exception of any exhibits to the deposition that were previously designated pursuant to this Protective Order.

8. **CLIENT CONSULTATION**.

Nothing in this Protective Order shall restrict any counsel from advising said counsel's client with respect to this action and from relying upon an examination of material designated pursuant to this Order in giving such advice.

9. **FILING.**

Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be referred to in discovery, discovery responses, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments, or at trial in this action either as exhibits or as the basis for questions. Any party wishing to file with the Court material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," including and any briefs or other documents referring to or incorporating such material, shall comply with D.C.COLO.LCivR 7.2(B) by concurrently filing a motion to restrict public access to the designated materials, seeking a restriction to access level 1.

10. **USE OF CONFIDENTIAL MATERIAL AT HEARINGS OR AT TRIAL.**

Subject to the Federal Rules of Evidence, Material designated under this Protective Order may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information. Any party may move the Court for an Order that the evidence be received in camera or under such other conditions as are

necessary to prevent inappropriate disclosure. The Court will then determine whether the proffered evidence should continue to be protected under this Protective Order and, if so, what protection, if any, may be afforded to such information at the trial. Before any documents or information is presented to a jury, any designation under this Order shall be removed to prevent possible prejudice to either side of any questions at issue.

**11.   EXCEPTIONS.**

This Protective Order shall not prevent or prejudice any party from applying to the Court for relief from this Protective Order or for further or additional protective orders, or from agreeing with the other party to a modification of this Protective Order, subject to this Court's approval.

**12.   NON-TERMINATION**.

The provisions of this Protective Order shall not terminate at the conclusion of this action. Upon agreement of all counsel of record or within sixty (60) days after this action finally terminates, either because a settlement agreement has been executed and the case dismissed, the time to appeal expires, or the appellate mandate issues after an appeal, whichever event shall occur first, receiving counsel either shall return all "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Materials, including all copies, abstracts, summaries, or documents containing information taken from them (but excluding any materials which in the judgment of receiving counsel are work product materials in said counsel's possession, custody, or control), to counsel for the party or nonparty who produced or provided them, or shall certify that the materials were destroyed; provided, however, that one counsel of record for each party may retain one copy of all Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," including, but not limited to, all court papers, hearing or trial exhibits, and deposition

exhibits, solely for reference in case a dispute arises over the use of information subject to this Protective Order or over compliance with any final judgment or settlement agreement.

**13.   EFFECT OF EXECUTION.**

The execution of this Protective Order shall not be construed as an agreement by any person to supply any Material, as a waiver by any person of the right to object to the production of any Material, or as a waiver of any claim of privilege with regard to the production of any Material.

**14.   RESPONSIBILITY OF ATTORNEYS.**

The attorneys of record are responsible for using reasonable efforts to facilitate the timely and complete disclosure of Materials and to disclose such Material with the minimum amount of restrictions on their use consistent with the criteria set forth herein and such attorneys are also responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Material designated for protection under this Protective Order, and for the education about the provisions of and obligations under this Protective Order of persons obtaining such Materials from said attorney.

**15.   INADVERTENT DISCLOSURE.**

The inadvertent production of information ("Produced Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or confidentiality designation that the producing party would otherwise be entitled to assert with respect to the Produced Protected Information and its subject matter in the pending case or in any other federal or state proceeding.  The producing party may at any time assert in writing attorney-client privilege, work product protection, or confidentiality designation with respect to the Produced Protected Information.  The receiving party shall, within five business days of receipt of that writing, return or destroy all copies of the Produced Protected Information and

provide a certification of counsel that all such Produced Protected Information has been returned or destroyed.

**16.    VIOLATION.**

Willful violation or willful breach of these confidentiality provisions shall be considered a violation of an Order of this Court.

It is so **ORDERED**, this 16th day of September, 2013.


_____
Magistrate Judge Kathleen M. Tafoya