**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-00477-MSK-KMT

**RACKHOUSE PUB, LLC,**

    Plaintiff,

v.

**PROXIMO SPIRITS, INC., and
PROXIMO DISTILLERS, LLC,**

    Defendants.

___

**OPINION AND ORDER DENYING MOTION TO REMAND**
___

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Motion to Remand **(# 37)**, the Defendants' response **(# 38)**, and the Plaintiffs' reply **(# 39)**.

The Plaintiff ("Rackhouse") commenced this action in the Colorado District Court for Denver County on or about January 23, 2013. The Complaint alleges that Rackhouse entered into a lease with the Defendants (collectively, "Proximo") in order to secure Rackhouse's use of a commercial building and land owned by Proximo. The Complaint alleges that Proximo has breached the terms of that lease with respect to certain parking areas around the building. Rackhouse's Complaint asserts three claims, all under state law: (i) a claim for a declaratory judgment addressing Proximo's contractual obligations with regard to the parking areas; (ii) a "claim" for an "order permanently restraining and enjoined Defendants from allowing or engaging in any further denial of non-exclusive use and access to all" parking spaces; and (iii) a claim for "damages," presumably sounding in breach of contract.

On February 22, 2013, Proximo removed **(# 2)** the action to this Court, citing federal subject-matter jurisdiction arising out of diversity of citizenship under 28 U.S.C. § 1332. The Notice of Removal indicated that Rackhouse is a citizen of Colorado, that Defendant Proximo Spirits, Inc. is a corporate citizen of Delaware and New Jersey, and that Defendant Proximo Distillers, LLC's ("the LLC") sole member is Proximo Spirits, Inc., making the LLC also a citizen of Delaware and New Jersey. With regard to the amount in controversy, the Complaint states "Estimated damages based upon usage of each parking space one time per day . . . would be at least $ 191,256.000  The actual damages may be far greater."

On June 7, 2013, Rackhouse filed the instant Motion to Remand **(# 37)**, arguing that the Court lacked diversity jurisdiction over the action because: (i) the amount in controversy requirement of 28 U.S.C. § 1332(a) was not satisfied, insofar as Rackhouse's allegations of its damages was "an estimated amount" of gross lost revenues, and that "deduction for business expenses" would reduce the amount of damages to less than $ 75,000; and (ii) "there should be a change in the law, where the citizenship of a limited liability company is based upon the state in which the LLC is formed and conducts business," rather than based on the citizenship of the LLC's members.

The Court dispenses with Rackhouse's initial contention summarily. Its Complaint unambiguously estimates its "damages" as "at least $ 191,256.00" and posits that its "actual damages may be far greater." Rackhouse may now regret that allegation, but its post-removal remorse does not suffice to defeat the facial showing of a sufficient amount in controversy. *See Hunt v. DaVita*, *Inc.*, 680 F.3d 775, 777-78 (7th Cir. 2012) (post-removal disclaimer of damages in excess of $ 75,000 does not defeat subject matter jurisdiction). Absent a showing by

Rackhouse of a "legal certainty" that its damages cannot exceed $ 75,000, the amount in controversy requirement for federal diversity jurisdiction is satisfied. *Id.*

Rackhouse's second contention – that the citizenship of a limited liability company ("LLC") should be determined based on its locus of operations, not the citizenship of its members – is presented in only cursory terms in Rackhouse's initial motion, but is developed far more extensively in Rackhouse's reply.[1] The 10th Circuit has not conclusively addressed the means by which the citizenship of an LLC is determined for diversity jurisdiction purposes, but most District Courts in the 10th Circuit have repeatedly held that the citizenship of the LLC itself comprised of the citizenship of each of its constituent members. *See e.g. THI of New Mexico v. Patton*, 851 F.Supp.2d 1281, 1285-86 (D.N.M. 2011); *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F.Supp.2d 1261, 1265-67 (D.Ut. 2010); *Birdsong v. Westglen Endoscopy Center, LLC*, 176 F.Supp.2d 1245, 1248 (D.Kan. 2001); *Hale v. MasterSoft Intern. Pty, Ltd.*, 93 F.Supp.2d 1108, 1112 (D.Colo. 2000).

Rackhouse's initial motion urged that the Court instead apply the "nerve center" test (an inquiry that focuses on the locus of the LLC's primary business operations) to determine citizenship, citing exclusively to (and essentially adopting wholesale the rationale of) the decision of the District Court in *Brewer v. SmithKline Beacham Corp.*, 774 F.Supp.2d 720 (E.D.Pa. 2011). This Court need to summarize *Brewer*'s reasoning or holding; it is sufficient to note that the Third Circuit extensively considered *Brewer* (and several other cases decided by the

---

[1] In this regard, the Court is reluctant to treat the argument as adequately presented. It is axiomatic that courts will usually refuse to consider an argument raised for the first time in a reply brief, primarily because it deprives the opponent of the opportunity to address it. That same concern justifies the Court refusing to consider an argument that is presented in the initial moving papers in such a perfunctory way as to be essentially meaningless, only to be followed by extensive development in a reply brief.

same District Judge), and concluded that it was error to resort to the "nerve center" test to establish an LLC's citizenship. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347-53 (3d Cir. 2013). *Johnson* recognizes that "this and every other Circuit Court to face the question have held that the citizenship of a limited liability company is determined by the citizenship of each of its members." *Id.* at 348. *Johnson* is correct: every Circuit Court to have expressly addressed the question has unambiguously held that for purposes of establishing diversity of citizenship, an LLC's citizenship is determined by the citizenship of its constituent members. *See e.g. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrota*, 661 F.3d 124, 125 (1st Cir. 2011); *Beyerische Landsebank v. Aladdin Capital Mgmt., LLC*, 693 F.3d 42, 49 (2d Cir. 2012) *Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *IP of A West 86th Street 1, LLC v. Mortan Stanley Mortgage Captial Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012); *OnePoint Solutions, LLC v. Bochert*, 486 F.3d 342, 346 (8th Cir. 2007); *Segundo Suenos, LLC v. Jones*, 494 Fed.Appx. 732, 735 (9th Cir. 2012); *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

Rackhouse cites additional cases in its reply, but this Court need not address them in any detail; it is sufficient to find that none of the cited cases purport to specifically address the question of how an LLC's citizenship is determined for diversity jurisdiction purposes, and thus, none of the cases are apposite. Given the unanimous agreement of every Circuit Court to expressly address the matter, this Court sees no justification to deviate from a uniform rule and adopt Rackhouse's idiosyncratic approach. Accordingly, the Court finds that both Defendants here are citizens of Delaware and New Jersey, and are thus completely diverse from Rackhouse,

a Colorado citizen.  Accordingly, sufficient subject-matter jurisdiction exists over this action under 28 U.S.C. § 1332.

Rackhouse's Motion to Remand **(# 37)** is **DENIED**.

Dated this 11th day of October, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge